THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE SALVATION ARMY, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, July 10, 1941.

*Cadwalader, Wickersham & Taft* [*Robert E. Lee* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Fred Iscol* and *Vincent D. Calenda* of counsel], for the respondent.

BAYES, Ch. J. Appeal from judgment of the Magistrates' Court of the City of New York, Municipal Term, Manhattan, rendered December 20, 1940, convicting defendant of a violation of section B32–126.0 of article 19 of chapter 32 of the Administrative Code of the City of New York relating to the licensing of dealers in second-hand articles. The complaint by an Inspector of the Department of Licenses charges:

" That on the 18th day of September, 1940, at the City of New York, and County of New York, The Salvation Army (now here) did unlawfully deal in the sale of second-hand articles at 540 West 46th Street, Borough of Manhattan, City of New York, without a license, in violation of Chapter 32B, Article 19, Section B32–126.0 of the Administrative Code of the City of New York."

The case came on for trial on October 7, 1940. No testimony was taken but various facts were stipulated. Thereafter pursuant to adjournment the case again came on on November 13, 1940, at which time there was further discussion between the Court and counsel and additional stipulations of facts were marked in evidence as part of the record. Thereafter an adjournment was taken to December 20, 1940, at which time decision was announced adjudging defendant guilty and suspending sentence.

There is no dispute as to the facts. The Salvation Army is a religious and charitable corporation organized by special act of the Legislature of the State of New York. (See Laws of 1899, chap. 468.) In furtherance of its charitable work it maintains what is known as its Men's Social Service Department and in conjunction therewith operates twenty-seven stores in the city of New York where used or second-hand articles are sold or given away. The schedule of articles sold or given away for the fiscal year extending from October 6, 1939 to September 27, 1940, as set forth in the stipulation, defendant's Exhibit 3, is as follows, figures approximate:

| | Sold | Given away |
|---|---|---|
| " Garments...................... | 491,403 | 20,491 |
| Shoes (pairs).................... | 68,672 | 3,140 |
| Furniture (pieces)............... | 53,742 | 1,782 |
| Books and magazines............ | 27,798 | 0 |
| Miscellaneous articles........... | 190,361 | 0 |
| Total..................... | 831,976 | 25,413 " |

The proceeds from the articles so sold amounted to $307,165.31. In collecting and distributing these articles The Salvation Army used forty motor trucks and nine horse-driven wagons. During the fiscal year it provided homes for 1,395 men, supplied them with 397,162 meals and 112,003 beds, and gave them earned cash gratuities amounting to $118,947.42. In addition the recipients of this charitable work received medical and dental care, barbering and laundry service and recreation and religious guidance in return for their work. On their part these recipients perform the necessary work of collecting, rehabilitating and selling the second-hand articles handled as above stated. At twelve of the Social Service Centers in the State of New York second-hand mattresses and upholstered furniture are renovated under permits issued by the Division of Bedding of the State Department of Labor. There was also received in evidence a letter under date February 28, 1936, addressed by the Commissioner of Licenses to Lieutenant-Colonel Darby of The Salvation Army in which it was stated that section 40 of chapter 14 of the Code of Ordinances of the city of New York did not require the issuance of a license for the conduct of the operations of The Salvation Army. In this letter the words " any person, corporation or co-partnership, who deals in the purchase or sale " are construed as applying to transactions for profit. (Defendant's Exhibit A.) It is expressly stipulated in the trial minutes that all the articles which defendant sells or gives away are acquired through donation or collection without payment therefor. It is conceded that defendant did not have a license.

Stated briefly the question here presented is as to whether defendant is a " dealer in second-hand articles " as being a " person dealing in the purchase or sale of second-hand articles of whatever nature * * *." This language is sufficiently broad to warrant the conviction of defendant if stress be placed upon the use of the disjunctive " or " and no consideration given to the fact that defendant's operations do not fall within the classification of ordinary business or commercial transactions for profit. We are of the opinion that upon a fair construction of article 19 of chapter

32 of the Administrative Code of the City of New York, taken as a whole, defendant's operations are not of such a character as to require it to obtain a license.

Both parties to the appeal cite and comment upon *People* v. *Wurlitzer* (282 N. Y. 457 [1940]) which involved a construction of the same provisions of the Administrative Code as in the instant case. It appears that the defendant, Rudolph Wurlitzer Company, sold musical instruments that it had received as " trade-ins," *i. e.,* in exchange or for account of payment for new merchandise. The Court of Appeals held that the resale of the second-hand musical instruments or merchandise so acquired did not subject the Wurlitzer Company to the provisions of article 19 of chapter 32 of the Administrative Code of the City of New York, and hence no license was required for such transactions. A fair reading of the opinion would seem to indicate that the Court of Appeals chose to put a broad, rather than a restricted construction upon the code provisions. If the court had considered that selling *alone* amounted to a violation of the ordinance, it would have affirmed the conviction of the Wurlitzer Company despite the exception of " exchanges of, returns of, or credits on merchandise where the article or articles exchanged, returned or credited are accepted in full or part payment for new merchandise." In commenting upon the significance of the word " dealer ", as used in the statute, the court says it " refers in general to one who buys *and* sells." The court also drew attention to the fact that the ordinance is penal in character and hence must be strictly construed. Upon a reading of the code provisions as a whole we cannot escape the conclusion that they are intended to apply to the ordinary dealer in second-hand articles as a business, *i. e.* for profit. In short we are of the opinion that defendant-appellant is not a dealer in second-hand articles for profit and accordingly is not required to be licensed. In the view we take of the case it is not necessary to consider the question of *res adjudicata.*

The judgment should be reversed and the complaint dismissed.

BURLINGAME and PERLMAN, JJ., concur.